[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---------------------------------------

No. 07-11182
Non-Argument Calendar

---------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 6, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-20808-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE JAMES, JR.,

Defendant-Appellant.

-------------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

-------------------------------------------------------------------

**(May 6, 2008)**

Before EDMONDSON, Chief Judge, TJOFLAT and PRYOR, Circuit Judges.

PER CURIAM:

Defendant-Appellant George James Jr. appeals his 172-month sentence

imposed after he pled guilty to possession with intent to distribute five grams or

more of cocaine base, in violation of 21 U.S.C. § 841(a)(1).  No reversible error

has been shown; we affirm.

Defendant faced a statutory minimum sentence of five years and a

maximum term of forty years.  The PSI concluded that Defendant -- a career

offender -- was subject to a guideline range of 188 to 235 months. Defendant

requested (i) credit for time spent in state custody for an unrelated conviction, (ii)

a sentence concurrent with a state sentence, (iii) a downward departure based on

diminished mental capacity, and (iv) a downward variance based on his mental

illnesses and difficult upbringing.  The district court accommodated the first two

requests: the sentence imposed runs concurrently with a state sentence and is 16

months below the guideline range (to correct a delay between Defendant's federal

indictment and the commencement of federal custody).  No further downward

departure or variance was granted.  Defendant raises a single sentencing issue on

appeal: whether the sentence imposed was unreasonable under the section 3553(a)

factors, 18 U.S.C. § 3553(a), in the light of Defendant's diminished mental

capacity and difficult childhood.[*]

---

[*]No argument is made on appeal that the district court erred by denying a downward departure based on reduced mental capacity; and no argument is made that the district court failed to calculate correctly the guidelines range.

Appellate review of the substantive reasonableness of a sentence -- whether inside or outside the guidelines range -- is under an abuse-of- discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007).  This review is deferential; and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)."  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).  And even if an appellate court disagrees with the weight the district court afforded the section 3553(a) factors, we will reverse only if the final sentence imposed lies outside the range of reasonable sentences.  See United States v. McBride, 511 F.3d 1293,1297-98 (11th Cir. 2007).

The transcript of the sentencing hearing makes it clear that the district court considered the section 3553(a) factors; and the district court noted specifically Defendant's (i) mental capacity and the psychological reports submitted on his behalf, (ii) family situation, (iii) difficult childhood, and (iv) positive influence of Defendant's new girlfriend.  But the district court was unpersuaded that these factors justified a variance from the advisory guideline range.  We cannot say the 172-month sentence imposed -- well below the statutory maximum of 480 months and 16 months below the low end of the guideline range -- was "outside the range of reasonable sentences dictated by the facts of the case."  United States v.

Williams, 456 F.3d 1353, 1363 (11ᵗʰ Cir. 2006), cert. dismissed 127 S.Ct. 3040 (2007), abrogated on other grounds Kimbrough v. United States, 128 S.Ct. 558 (2007).  No clear error of judgment in weighing the section 3553(a) factors has been shown.

AFFIRMED.